IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK, 1701 Rhode Island Ave. NW Washington, DC 20036<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, 400 Maryland Avenue Southwest Washington, DC 20202<br><br>*Defendant*. | Case No. 25-3542<br><br>**COMPLAINT** |

**INTRODUCTION**

1. Through the Administrative Procedure Act ("APA") and the Higher Education Act ("HEA"), federal law governs how the U.S. Department of Education ("Department"), carry out rulemaking. *See generally* 5 U.S.C. § 553 and 20 U.S.C. § 1098a.

2. The APA specifically requires that the "agency give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments." 5 U.S.C. § 553(c). "After consideration of the relevant matter presented, the agency shall incorporate in the rules adopted a concise general statement of their basis and purpose." *Id.*

3. Reports indicate that departments and agencies may use Artificial Intelligence systems ("AI") to review and respond to public comments submitted in response to proposed rules.[1]

4. To understand whether and how AI technologies will be and are currently employed in the rulemaking process, the National Student Legal Defense Network ("Student Defense") submitted a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, requesting the release of documents revealing whether and how AI is being used to analyze public comments in rulemaking process, the specific processes involved, and who develops or provides these systems. The Department has failed to respond.

5. Student Defense now brings this action against the United States Department of Education under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

---

[1] *See generally* Jordan Ascher, *Seeking Disclosure of AI Usage in Agency Rulemaking*, Yale J. on Regul.: Notice & Comment Blog (July 19, 2025), https://www.yalejreg.com/nc/seeking-disclosure-of-ai-usage-in-agency-rulemaking-by-jordan-ascher/; *AI in Agency Rulemaking: Legal Guardrails*, Governing for Impact (July 2025), https://governingforimpact.org/wp-content/uploads/2025/07/AI-in-Agency-Rulemaking_Legal-Guardrails.pdf; Richard L. Revesz, *Modernizing the Regulatory Comment Process*, The White House (Nov. 19, 2024), https://bidenwhitehouse.archives.gov/omb/briefing-room/2024/11/19/modernizing-the-regulatory-comment-process/; Catherine M. Sharkey & Cade Mallett, *Artificial Intelligence for Retrospective Regulatory Review*, The Regulatory Review (Sep. 12, 2023), https://www.theregreview.org/2023/09/12/sharkey-mallett-artificial-intelligence-for-retrospective-regulatory-review/.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

7. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Because the Department has failed to comply with the applicable time-limit provisions of FOIA, Student Defense is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

9. Plaintiff Student Defense is a nonpartisan, non-profit organization incorporated in the District of Columbia. Student Defense's mission is to work, through a variety of means, to advance students' rights to educational opportunity and ensure that higher education provides a launching point for economic mobility. To further its mission, Student Defense gathers information—including through responses to FOIA requests submitted to government agencies—to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

10. Defendant U.S. Department of Education is a department of the executive branch of the United States government headquartered in Washington, D.C. and an agency of the federal government within the meaning of 5 U.S.C.

§ 552(f)(1). The Department has possession, custody, and control of the records that Student Defense seeks.

## STATEMENT OF FACTS

**The Role of Artificial Intelligence in Rulemaking**

11. Congress has defined the term "artificial intelligence" to include, among other things, "[a]ny artificial system that…can learn from experience and improve performance when exposed to data sets"; "[a]n artificial system designed to think or act like a human, including cognitive architectures and neural networks"; and "[a] set of techniques, including machine learning, that is designed to approximate a cognitive task."[2]

12. Given their capacity to process numerous variables at high speeds, AI systems can efficiently analyze extensive datasets and identify trends.[3]

13. The use of generative AI is not without setbacks, including its tendency to hallucinate by producing false information.[4] For example, some AI tools have invented fake citations for use in legal briefs.[5] News reports have also shared

---

[2] John S. McCain National Defense Authorization Act for Fiscal Year 2019, Pub. L. 115-232, § 238(g), 132 Stat. 1363, 1697–98 (2018).
[3] *AI in Agency Rulemaking: Legal Guardrails*, Governing for Impact, at 3 (July 2025), https://governingforimpact.org/wp-content/uploads/2025/07/AI-in-Agency-Rulemaking_Legal-Guardrails.pdf.
[4] *Id.* at 4.
[5] *See* Sara Merken, *AI "Hallucinations" in Court Papers Spell Trouble for Lawyers*, Reuters (Feb. 18, 2025).

4

that the U.S. Department of Health and Human Services and the U.S. Food & Drug Administration have relied on false AI-generated information.[6]

14. Both Congress and the executive branch have taken steps to encourage the use of AI in the federal government. For example, the AI in Government Act of 2020 directed the White House to produce guidance for agencies to "inform the development of policies regarding" AI usage; "recommend approaches to remove barriers for use" of AI "while protecting civil liberties, civil rights, and economic and national security"; and "identify best practices for identifying, assessing, and mitigating . . . unintended consequences" of AI usage, like "discriminatory impact."[7]

15. The Advancing American AI Act of 2022 renewed the executive branch's mandate to develop AI guidance and policies for agencies on topics, including procurement, data security, privacy, and civil rights and civil liberties.[8] It also directed each agency to "prepare and maintain an inventory of the artificial intelligence use cases of the agency" to be made "available to the public" by the Office of Management and Budget (OMB).[9]

---

[6] Nia Prater, *Did RFK Jr.'s Crew Use AI to Write Error-Filled MAHA Report?*, N.Y. Mag.: Intelligencer (May 30, 2025); Sarah Owermohle, *FDA's Artificial Intelligence is Supposed to Revolutionize Drug Approvals. It's Making Up Studies.*, CNN (July 23, 2025).
[7] § 104(a)(1)–(3), 134 Stat. 2288.
[8] § 7224(a), 136 Stat. 3669 (calling for general guidance); § 7224(b), 136 Stat. 3670 (mandating issuance of procurement policies and procedures); § 7224(d), 136 Stat. 3671 (requiring development of "an initial means by which to" protect, among other things, data security, "privacy, civil rights, and civil liberties").
[9] § 7225(a)–(b), 136 Stat. 3671–72.

16. The Trump administration has also instructed agencies to "adopt a forward-leaning and pro-innovation approach that takes advantage of [AI] technology to help shape the future of government operations."[10] Most recently, the Trump administration released "America's AI Action Plan," which asserts that the government can use AI to "accelerat[e] slow and often manual internal processes" and "streamlin[e] public interactions."[11]

**Student Defense's FOIA Request**

17. On July 25, 2025, Student Defense submitted a FOIA request (the "Request") requesting that the Department produce the following records:

   i. Contracts, Memoranda of Understanding, or agreements with any external vendor, contractor, or third-party entity for AI-powered services, software, or tools related to all phases of the rulemaking process, including statements of work, master service agreements, or other contractual documents detailing the scope of services, deliverables, or performance metrics.

   ii. Internal policies, procedures, or guidance documents related to the development or procurement of AI services, tools, or systems for use in the rulemaking process.

   iii. Internal policies, procedures, guidance documents, or standard operating procedures related to the all stages of the rulemaking process that mention AI, automated tools, language learning models, or individuals or entities providing AI-related services.

   iv. All documents constituting or reflecting communications (including emails) or memoranda (including drafts), discussing the use of AI in all stages of the rulemaking process.

---

[10] OMB, M-25-21, Accelerating Federal Use of AI through Innovation, Governance, and Public Trust (Apr. 3, 2025).
[11] Exec. Off. of the President, America's AI Action Plan 10 (July 2025).

6

    v. Training materials, manuals, or presentations provided to Department staff or contractors on how to use, interact with, or interpret the output of AI tools for all stages of the rulemaking process.

    vi. Documents outlining the AI system(s) used, including but not limited to system architecture, descriptions of algorithms or models used, information on the data used to train the AI, and parameters or settings used in all stages of the rulemaking process.

    vii. Any privacy impact assessments or other risk assessments conducted for the use of AI to in all stages of the rulemaking process.

18. On July 28, 2025, Student Defense received an acknowledgment from the Department that the Request, No. 25-04496-F, was "In Process."

19. On August 21, 2025, Student Defense received a 20-Day Status Notification letter from the Department stating that the Request was "forwarded to the appropriate office(s) within the Department to conduct a search for any responsive records."

20. Student Defense has not received any further communications from the Department regarding the Request.

21. The Department has not provided a determination, let alone made a single production in response to the Request within the time mandated by statute.

**Exhaustion of Administrative Remedies**

22. As of the date of this complaint, the Department has failed to: (a) notify Student Defense of any determination regarding the Request, including the scope of any responsive records the Department intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

7

23. Through the Department's failure to respond to the Request within the period required by law, Student Defense has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

24. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

25. Student Defense properly requested records within the Department's possession, custody, and control.

26. The Department is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

27. The Department has failed to promptly review agency records for the purpose of locating those records that are responsive to the Request.

28. The Department's failure to conduct adequate searches for responsive records violates FOIA.

29. Student Defense is therefore entitled to injunctive and declaratory relief requiring the Department to promptly make reasonable efforts to search for records responsive to the Request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

30. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

31. Through the Request, Student Defense properly requested records within the Department's possession, custody, and control.

32. The Department is an agency subject to FOIA and must therefore release any non-exempt records in response to the Request and provide a lawful reason for withholding any materials.

33. By failing to produce documents responsive to the Request, the Department is wrongfully withholding non-exempt agency records.

34. The Department's failure to provide all non-exempt responsive records violates FOIA.

35. Student Defense is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records responsive to the Request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Student Defense respectfully requests the Court to:

1. Order the Department to conduct searches reasonably calculated to locate all records responsive to the Request;

2. Order the Department to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the Request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

3. Enjoin the Department from continuing to withhold any and all non-exempt records responsive to the Request;

4. Award Student Defense the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant Student Defense such other relief as the Court deems just and proper.

Dated: October 2, 2025                     Respectfully submitted,

*/s/ Chris Bryant*
D.C. Bar No. 1673495
National Student Legal Defense Network
1701 Rhode Island Ave. NW
Washington, D.C. 20036
XXX@defendstudents.org
(202) 734-7495